IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL McCEE FOUNTAIN,

    Petitioner,

vs.

JAMES YATES, Warden,

    Respondent.
                       /

No. CIV S-04-2350 GEB DAD P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 8, 2006, the undersigned issued findings and recommendations recommending that habeas relief be denied with respect to petitioner's claims that: (1) his trial and appellate counsel rendered ineffective assistance; (2) the evidence introduced at his 1997 trial was insufficient to support his conviction on the burglary charge because he mistakenly believed the victim was over eighteen years of age and he was too intoxicated to enter the victim's house with the intent to commit a felony; and (3) his sentence constitutes cruel and unusual punishment. On June 23, 2006, petitioner filed objections to the findings and recommendations. On July 24, 2006, the findings and recommendations were adopted, habeas relief was denied, this action was dismissed, and judgment was entered.

On July 31, 2006, petitioner filed a "motion for reconsideration" pursuant to "Rule 11; Rule 59(e) Governing 2254 Cases." (Dkt. No. 47.) Therein, petitioner asked this court to "reconsider it's July 24, 2006 order" and to "address his Instructional Error claim under Gibson v. Ortiz, 387 F.3d 812 (9th Cir. 2004)." (Id.) On August 28, 2006, petitioner's motion for reconsideration was denied by the district judge assigned to this case. (Dkt. No. 52.) Also on July 31, 2006, petitioner filed an appeal from the July 24, 2006 judgment. The Ninth Circuit Court of Appeals affirmed the decision of the district court by order dated September 25, 2007.

Almost four years after judgment was entered, on March 19, 2010, petitioner filed a letter with this court in which he requests that the court "reexamine" his case and appoint counsel for the "limited" purpose of investigating a possible claim based on the decision in Gibson v. Ortiz.[1] (Dkt. No. 58 (hereinafter "motion").) In this regard, petitioner explains that Richard Dangler, the attorney who represented him in his state court proceedings, was disbarred in June, 2004, moved to Bermuda, and failed to return petitioner's trial transcripts to him. (Mot. at 1; April 19, 2010 "reply to opposition" (hereinafter "Reply") at 3.) Petitioner states that "it took several years of prison employment to obtain new transcripts." (Reply at 3.) Petitioner also

---

[1] In Gibson v. Ortiz, the habeas petitioner claimed that the giving of CALJIC Nos. 2.50.01 (1996 version) and 2.50.1 together at his trial had unconstitutionally permitted the jury to find him guilty of the charged offenses based on a preponderance of the evidence. The United States Court of Appeals for the Ninth Circuit agreed, holding that CALJIC No. 2.50.01 and CALJIC No. 2.50.1, when given together at a criminal trial, violate the defendant's Fourteenth Amendment due process rights to be proven guilty beyond a reasonable doubt because they allow a jury to: (1) find that a defendant had committed prior sexual offenses by a preponderance of the evidence; (2) infer from those past offenses a predilection for committing sexual offenses; and (3) further infer guilt of the charged offense based on those predilections. Gibson, 387 F.3d at 822. Petitioner claims that "the pattern jury instructions read in Gibson's trial, pre 1999 CALJIC 2.50.01, 2.50.1, 2.50.02, 2.50, and others were partially read in my 1997 trial, with the exception of 2.50.01." (Motion at 2.) The Gibson decision was handed down before petitioner's habeas petition was filed in this court. That decision has since been distinguished. Mendez v. Knowles, 556 F.3d 757, 767-70 (9th Cir. 2009) (no due process violation where the prosecution proved beyond a reasonable doubt that the defendant had been convicted of at least one of the prior sexual offenses). Gibson has also been overruled "to the extent that it applies structural error review to an instructional error that affects only an element of the offense, a permissible evidentiary inference, or a potential theory of conviction, as opposed to an instructional error that affects the overarching reasonable doubt standard of proof." Byrd v. Lewis, 566 F.3d 855, 866 (9th Cir. 2009).

provides this court with evidence that on February 16, 2006, the State Bar of California awarded petitioner's parents $7,250 as reimbursement for payments made to attorney Dangler because the attorney was found to have engaged in "acts of intentional dishonesty or deceit by running a practice that was essentially a 'writ mill,' and by convincing Applicants to pay him for criminal appeals which [Dangler] knew or should have known had little chance of success due to procedural or other restrictions." (May 3, 2010 "Amended Reply to Respondent's Opposition" (hereinafter "amended reply"), Ex. A ("Final Decision") at 3.)

Petitioner states, but provides no evidence, that he "completed the exhaustion requirement in state court that resigned habeas counsel failed to raise." (Mot. at 2.) He also makes the unsupported statement that "in a notarized declaration under penalty of perjury, a setting [sic] juror from my 1997 trial stated, "Absent this instructional error, she would have voted not guilty of the charged offense(s)." (Id. at 2-3.) Petitioner explains that "the issue could not be raised earlier because resigned counsel relocated to Bermuda and being incarcerated, my prison industry only payed .24 cents an hour; therefore, I had to save up enough funds for an investigation and new transcripts." (Id. at 3.) He states that his previous counsel is "the blame" for any delay. (Reply at 3.) Petitioner also claims that he has been diagnosed with "valley fever," which has played a "significant part of delay." (Id. at 5.)

Respondent filed an opposition to petitioner's letter motion on April 1, 2010. (Dkt. No. 61.) Therein, respondent construes petitioner's request as a motion for relief from judgment brought pursuant to Fed. R. Civ. P. 60(b)(1). Respondent argues that the motion is untimely and does not establish excusable neglect. In his amended reply, petitioner states that his request for relief is based on Fed. R. Civ. P. 60(b)(1) and 60(b)(6). (Am. Reply at 1.)

Petitioner's motion for relief is essentially a request that the judgment in this case be vacated and that he be allowed to challenge the same underlying state court conviction based on a new claim supported by the Gibson decision. As such, petitioner's motion constitutes a successive habeas petition which may not proceed in this court absent permission from the Ninth

3

Circuit Court of Appeals. Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (holding that a Rule 60(b) motion is, in substance, a successive habeas petition where it seeks leave to present a new claim that was omitted from the original petition as a result of "excusable neglect" pursuant to Fed. Rule Civ. P. 60(b)). As the Supreme Court explained in Gonzalez:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.

Id. at 531. Because petitioner's motion for reconsideration seeks to add a new claim to his previous federal habeas petition, the motion should be treated as a successive § 2254 petition. Id. at 532, 538; see also Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998) ("In most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), as it does in this case, the Rule 60(b) motion should be treated as a successive habeas petition"); Bonin v. Vasquez, 999 F.2d 425, 427-31 (9th Cir. 1993) (attorney neglect insufficient to warrant review of additional claims under Rule 60(b) which could have been raised in an initial habeas petition).

As described above, petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in his March 19, 2010 letter motion now before the court. That application was denied on the merits. Before petitioner can proceed with the instant application he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3); see also Gonzalez, 545 U.S. at 530.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's March 19, 2010 request for reconsideration, construed as a successive habeas petition (Dkt. No. 58), be dismissed without prejudice to its refiling after obtaining authorization from the Ninth Circuit Court of Appeals.

/////

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 3, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
fountain2350.success